IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CYNTHIA CRAVENS                                                    PLAINTIFF

              v.                        Civil No. 12-2287

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                     DEFENDANT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Plaintiff, Cynthia Cravens, brings this action under 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of Social Security Administration (Commissioner)

denying her claim for a period of disability and disability insurance benefits ("DIB") under Title

II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

In this judicial review, the court must determine whether there is substantial evidence in the

administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

    Plaintiff filed her application for DIB on December 8, 2010[2], alleging an onset date of

October 15, 2008, due to right arm pain, an injury to her right knee and left hip, headaches, and

a learning disorder.  Tr. 24-25, 41, 109-115, 135, 140-141, 158-159, 170.  The Commissioner

denied Plaintiff's application initially and on reconsideration.   Tr.56-61, 64-65.    An

administrative hearing was held on October 13, 2011, Plaintiff was present and represented by

counsel.  Tr. 22-55

---

    [1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

    [2]At the hearing, the ALJ noted that Plaintiff had filed a prior clam for benefits in 2000.  Tr. 45-46. Plaintiff stated that she sought out benefits due to her learning disorder, but just "dropped it" and went to work. Tr. 45-46.

At the time of the hearing, Plaintiff was 50 years old and although she graduated high school, she possessed only a special education degree. Tr. 25, 27-29, 45, 109, 135, 199. Plaintiff had also obtained a certified nursing assistant license in 2000, and had past relevant work "(PRW") experience as a CNA from 2000 until 2008. Tr. 31-32, 129, 136, 142-149, 195.

In a written opinion dated October 26, 2011, the Administrative Law Judge ("ALJ") found Plaintiff's right shoulder strain to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 12-14. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) in that the claimant is able to occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds. She is able to sit for six hours and stand and walk for six hours. She cannot perform overhead work with her right arm.

Tr. 14. The ALJ then concluded that Plaintiff could perform work as a machine tenderer and production and assembly worker. Tr. 16.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 16, 2012. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 8, 13.

## II.    **Applicable Law**:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

AO72A
(Rev. 8/82)

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

AO72A
(Rev. 8/82)

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national

economy given his or her age, education, and experience.  *See* 20 C.F.R. § § 404.1520(a)-

(f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age,

education, and work experience in light of his or her residual functional capacity.  *See McCoy*

*v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## III.   **Discussion:**

Plaintiff contends that the ALJ erred by failing to fully and fairly develop the record.

Specifically, she contends the ALJ should have ordered a consultative physical examination to

evaluate her right arm, right knee, and left hip problems.  It is true that the ALJ has a duty "to

investigate the facts and develop the arguments both for and against granting benefits." *Sims v.*

*Apfel*, 530 U.S. 103, 120 S.Ct. 2080, 2085 (2000).  However, it is the Plaintiff's responsibility

to provide the Commissioner with the medical evidence of her disability.  *See Cox v. Barnhart,*

471 F.3d 902, 907 (8th Cir. 2006) (the claimant has the burden to offer the evidence necessary

to make a valid decision about her claim).  And, the regulations state that if the Plaintiff does not

provide the medical and other evidence needed and requested, the Administration will make a

decision based on the information available.  20 C.F.R. § 404.1516.  The burden of proof

remains at all times on Plaintiff to prove disability and present the strongest case possible.

*Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  The ALJ must develop the record by

ordering a consultative examination only when the Plaintiff's medical records do not provide

sufficient evidence for the ALJ to make an informed decision about the validity of Plaintiff's

complaints.  *Dozier v Heckler*, 754 F.2d 274, 276 (8th Cir. 1985); *Haley v. Massanari*, 258 F.3d

4

742, 748(8th Cir. 2001); *but see Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001) (ALJ is permitted to issue a decision without obtaining additional evidence when other evidence in the record provides a sufficient basis for the decision).

In the present case, Plaintiff presented very limited evidence concerning her medical treatment during the relevant time period. She alleged disability onset in 2008, yet there are no records from 2008, 2009, the first half of 2010, or 2011. On August 5, 2010, Plaintiff was seen by Dr. Michael Guyer, to establish care. Tr. 206-207. Her chief complaint was of pain in her right shoulder preventing her from lifting it very high. She indicated that her pain began a few weeks after moving some heavy objects from her home. Plaintiff indicated that it was painful to lift her right arm up over her head. A physical examination revealed pain in the superior aspect of the right shoulder with pain throughout the musculature and a limited range of motion in the right shoulder joint. Tr. 207. Dr. Guyer diagnosed Plaintiff with right shoulder strain and prescribed Meloxicam and Cyclobenzaprine. He recommended a right arm sling to use throughout the day for the next week and an MRI of her shoulder if her symptoms continued. Further, he advised her to return for a follow-up in three months. At this time, Plaintiff reported smoking one package of cigarettes per day.

On October 5, 2010, Plaintiff returned for a follow-up of her right shoulder pain. Tr. 204. She reported that the pain in her right shoulder had not improved, and she did not feel that the Meloxicam was working. Dr. Guyer recommended an MRI of the shoulder, but Plaintiff refused it due to cost. A physical exam showed continued pain in the superior aspect of the right shoulder joint with a limited range of motion. Tr. 204. However, Dr. Guyer continued with his

AO72A
(Rev. 8/82)

diagnosis of right shoulder strain.  He prescribed Prednisone, a follow up with Dr. John Williams, and the possibility of joint injections.

On November 10, 2010, Plaintiff was treated  by Dr. Williams.  Tr. 203.  A physical examination showed pain in the superior aspect of the right shoulder joint with a  limited range of motion.  He, too, diagnosed Plaintiff with right shoulder strain and administered an injection into the joint.  There are no further medical records to indicate that Plaintiff sought out additional medical treatment for her shoulder.  And, Plaintiff testified that she underwent only one injection, as it was unsuccessful.  Tr. 34-35.  She also admitted that she had not undergone the MRI as recommended, due to a lack of insurance and financial constraints.  However, the record is void of evidence to indicate that Plaintiff was ever denied treatment due to her inability to pay, or that she had sought out treatment from low cost or no cost medical treatment facilities.  There is also no evidence that she attempted to obtain treatment through a hospital emergency room or chose to forego smoking cigarettes to better afford medical treatment.  *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999).  Accordingly, we find that the ALJ was warranted in inferring that Plaintiff did not seek more frequent medical treatment because she did not have a medical need for such treatment.  *See Murphy v. Sullivan*, 953 F.2d 383, 386-87 (8th Cir. 1992) (it is inconsistent with the degree of pain and disability asserted where no evidence exists that claimant attempted to find any low cost or no cost medical treatment for alleged pain and disability).  And, we can ascertain no need for a consultative examination.

Additionally, there is no medical evidence to support Plaintiff's allegations of hip and knee pain.  The only evidence is Plaintiff's testimony and statements in reports that she had right knee and left hip problems following a fall in March 2011.  Tr  24-25, 41, 158, 170.  However,

6

such statements, standing alone, are insufficient to establish a medically determinable impairment. *See* 20 C.F.R. § 404.1508 (a physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms); 20 C.F.R. § 404.1528(a) (symptoms are the claimant's descriptions of her physical or mental impairment, and such statements alone are not enough to establish that there is a physical or mental impairment). Had Plaintiff's symptoms been as severe as alleged, we believe she would have sought out medical treatment for her alleged pain. And, as previously determined, we do not find that her financial situation justified her failure to seek out medical treatment. Accordingly, the undersigned is of the opinion that the ALJ's decision is supported by substantial evidence.

Plaintiff failed to meet her burden of producing the medical evidence needed by the ALJ to document a severe impairment of her hip and knee and a medical impairment significant enough to warrant ongoing and consistent treatment or medication. *See Haynes v. Shalala*, 26 F.3d 812, 814 (8th Cir. 1994) (lack of strong pain medication was inconsistent with disabling pain); *Rankin v. Apfel*, 195 F.3d 427, 429 (8th Cir. 1999) (infrequent use of prescription drugs supports discrediting complaints). And, as such, the ALJ was under no obligation to order a consultative examination to further explore her impairments.

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus recommends that the decision be affirmed, and Plaintiff's Complaint be dismissed with prejudice. **The parties have fourteen days from receipt of our report and recommendation in which to file written**

7

**objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of October 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

8